CHILDS v. JOSEPH STELWAGON CO.

(Circuit Court, E. D. Pennsylvania. January 12, 1900.)

No. 5.

PATENTS—INFRINGEMENT—ROOFING MATERIAL.

The Childs patent, No. 429,885, for an improved roofing material, consisting of an upper and lower layer of paper or other fabric, between which is interposed a layer of bituminous or other similar material, construed, and *held* not anticipated; also *held* infringed.

This was a suit in equity for infringement of a patent. On final hearing.

Charles G. Coe, for complainant.
E. Hayward Fairbanks and William C. Strawbridge, for respondent.

McPHERSON, District Judge. This suit is brought to restrain the alleged infringement of letters patent No. 429,885, issued to the plaintiff in June, 1890. The subject of the patent is an improved roofing material, and the claim is as follows:

"The fabric above described, consisting of an upper and lower layer of paper or other fabric, between which is interposed a layer of bituminous or other similar material, such material being unwoven, held in place by cords, ribbons, or other filamentous material of a thickness uniformly equal to that of the central layer, as set forth."

In view of the prior state of the art, some reference to which is found in the specification of the patent, it is clear that the claim is to be construed narrowly. The specification and the history of the application make it plain that the patent is to be confined to a roofing material in which the interposed bituminous layer is of a "definite" thickness, and the cords, ribbons, or other filamentous material are "precisely" as thick as the layer. But even words so positive as are here used must have a reasonable interpretation, especially when it is considered that, according to the usual method of manufacture, the thickness of the layer would always be expressed in a very small fraction of an inch. The layer of the patent is little

more than a film, but, as no greater thickness is needed, none is used. When, therefore, it appears that the difference in thickness between the bituminous layer in the fabrics manufactured respectively by the plaintiff and the defendant is so slight that it can scarcely be detected by the aid of a strong magnifying glass, and that a delicate instrument of precision is needed to decide whether the wire used by the defendant differs in diameter from the wire used by the plaintiff, it seems to me that a point has been reached when the minute differences that may exist can be fairly disregarded, and the court may justly say that both parties are using the same "definite" thickness of bituminous material and the same size of wire, and that the wire in each case is "precisely" of the same thickness as the layer. Is, then, the result produced by the use of this material and the manner of producing the result the same in both instances? I think the question must be answered in the affirmative. There is the usual conflict of expert opinion in the testimony, resulting in the usual doubt in the mind of the court whether such a thing as scientific truth can be said to exist when a question of infringement is being fought out. So far as I can judge, however, the defendant's theory is not sound. I think there must be a layer—although, no doubt, it is a thin layer—of bituminous material between the inclosing sheets of felt in the defendant's fabric; for the sheets are already saturated with similar material before the liquid bitumen is applied, and can absorb little, if any, more. The bituminous material must, therefore, exist as a separate and definite layer between the inclosing sheets. Neither are the wires imbedded in these sheets, but are imbedded in the bituminous layer,—as, indeed, the defendant expressly declares to the public in some of its advertisements, —and the wires perform in the layer the same pocketing function that is performed by the wires in the plaintiff's fabric. This is true also of the sinuous wire used by the defendant. Some effort was made to treat the wires used by the defendant as a coherent structure, and to class it as a "gauze," or a "woven" fabric, because the sinuous wire crosses two other wires once or twice in 8 feet, and extends upward and downward far enough to reach sometimes—but not to cross—the upper and lower wires of the four that extend longitudinally in the defendant's fabric. I do not think the effort was serious, but, in any event, it was not successful. The direction of the sinuous wire is, on the whole, longitudinal, as is the direction of the other wires; and, so far as I can see, it performs the same function as the others. I do not regard these five wires as a gauze, or a woven fabric or structure, in any proper sense of these words. I see no escape from the conclusion that the defendant's fabric infringes the patent in suit.

Without discussing in detail the patents that are declared to anticipate the plaintiff's invention, I may say in a word that I have examined and considered them all, without being able to sustain the defendant's position upon this point. A decree may be entered for an injunction and the usual accounting.